JUSTICE COTTER
concurs.
¶16 I concur in the result of our Opinion, although not necessarily with the rationale advanced by the Court.
¶17 An order requiring one spouse to pay for health insurance for the benefit of the other spouse could be considered an order of maintenance, or it could be construed to be part of property disposition. Here, the court characterized it as property disposition in its 1994 Order, and Glen failed to object to this characterization. This being so, it was incumbent upon Glenn, in seeking to modify the order of property disposition, to either secure Faye’s agreement to the modification, or establish "... the existence of conditions that justify the reopening of a judgment under the laws of this state.” Section 40-4-208(3)(b), MCA. I would conclude that Glenn both failed to identify this as the appropriate test, and failed to satisfy its stringent requirements, and would affirm on that basis. I would not reach the res judicata analysis.